# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS         SBN 108325
BEN J. MEISELAS         SBN 277412
GREG L. KIRAKOSIAN      SBN 294580
TYLER M. ROSS           SBN 292263

**SAMINI SCHEINBERG, PC**
BOBBY SAMINI            SBN 181796
NICOLE PRADO            SBN 269833
MATTHEW M. HOESLY       SBN 289593
949 S Coast Dr., Suite 420
Costa Mesa, CA 92626
Telephone: (949) 724-0900

Attorneys for Plaintiff JENNIFER YOUNG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YOUNG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: 8:14-CV-01922**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **AGE HARASSMENT;**<br>2. **AGE DISCRIMINATION;**<br>3. **DISABILITY DISCRIMINATION;**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6. **NEGLIGENT RETENTION AND SUPERVISION;**<br>7. **RETALIATION;**<br>8. **WRONGFUL TERMINATION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 1 -

**INTRODUCTION**

1.      Plaintiff Jennifer Young, a forty-one year-old single mother of two, brings this action against Zillow, Inc., for its conduct in discriminating against her on account of her age and illegally terminating her following her hospitalization caused by the working conditions at Zillow.  Specifically, Ms. Young was forced to stand and make cold calls for hours, and prohibited from sitting down despite her physical injuries, in what Zillow referred to as the "blitz" and the "wave."  Additionally, Ms. Young was precluded from professional advancement and promotions because of her age.

2.      Ms. Young began her employment with Zillow in 2014 and was promised a leadership role in the "Zillow family" with a six figure salary.  Prior to her employment at Zillow, Ms. Young had a successful career in sales and was lured to Zillow with promises that Zillow had an exceptional workplace.  What Ms. Young found instead, was the exact opposite.

3.      Ms. Young was quickly exposed to Zillow's "frat house" and "boys club culture" where binge drinking and the willingness to participate in lewd discourse was rewarded by lucrative assignments in the form of Zillow managers routing incoming calls for potential sales leads.

4.      As a result of Ms. Young not participating in the conduct described above, Ms. Young's sales manager would make comments to her during the course of her work day such as "are you too old to close?" and "try to keep up with us." It was commonplace at the Zillow office for managers to inform employees, including Ms. Young, that if you do not "drink the Zillow kool-aid" there would be no opportunity for career advancement.

5.      Ultimately, on October 11, 2014, Ms. Young was hospitalized because her preexisting injuries caused by a car accident were exacerbated by the work conditions and work hours at Zillow.  Specifically, Ms. Young was required to stay standing for up to three hours at a time, being wholly prohibited from sitting during

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

these hours by her managers.  This practice known as the "blitz" still occurs to this day.

6.     Ms. Young notified her manager, the human resource department, and the Chief Executive Officer, Spencer Rascoff, of her injuries and provided a doctor's letter reflecting her hospitalization as Zillow had requested.   While she was hospitalized, Ms. Young also requested accommodations for her medical condition upon her return to work.  Unbeknownst to Ms. Young, while she was hospitalized, Zillow had reassigned her book of business to other younger inside sales representatives at Zillow.  Before Ms. Young could return to work, she was terminated on the pretextual grounds of "job abandonment" due to her hospitalization.

7.     Ms. Young was yet another victim of the pervasive culture of retaliation and harassment at Zillow that placed a premium on sales and a shortfall on human decency and basic employment rights.

## PARTIES

8.     Plaintiff Jennifer Young, at all relevant times, was an individual residing in Orange County, California.

9.     Defendant Zillow, Inc. (NASDAQ: Z), at all relevant times, was a Washington corporation with its headquarters and principal place of business in Seattle, Washington.  Zillow is registered to do business in the State of California and maintains an office with over a hundred employees in Orange County, California. Zillow is an online home and real estate marketplace for homebuyers, sellers, renters, real estate agents, mortgage professionals, landlords, and property managers.  Zillow claims its database contains more than 110 million U.S. homes.  Zillow also operates the largest real estate and rental advertising networks in the country.

10.     Plaintiff is unaware of the true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities of said Defendants when the same are

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

ascertained. Plaintiff is informed and believes and thereon alleges that each of the aforesaid fictitiously named Defendants is responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiff's damages and injuries as herein alleged were caused by the conduct of said Defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy as to Plaintiff exceeds $75,000.00 exclusive of interest and costs and because Defendant is incorporated in a state other than the state in which Plaintiff resides and Defendant has its principal place of business and high-level officers which direct, control, and coordinate the corporation's activities from its headquarters in Seattle Washington.

12. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Central District of California.

## GENERAL ALLEGATIONS

### Age Discrimination

14. Ms. Young began her employment with Zillow as an Inside Sales Consultant on or about May 2014.

15. Zillow management routinely and unapologetically subjected Ms. Young to despicable and inappropriate comments concerning Ms. Young's age throughout her employment at Zillow.

16. Specifically, Zillow's managers would repeatedly direct comments towards Ms. Young including, but not limited to: (1) "younger people are faster"; (2) "you're too old to close"; (3) "do you even know how to work a computer?"; and (4) "you can't keep up with the rest of us."

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

17.     Zillow managers, employees, and supervisors repeatedly engaged in making   these verbally abusive, harassing, and derogatory comments toward Ms. Young with specific reference to her age as well as inabilities on account of her age. Zillow managers and employees also unlawfully denied Ms. Young employment opportunities, participation in Zillow's "sales call-ins", and other benefits of employment based in substantial part on her age without any reasonable justification.

18.     Although Ms. Young successfully performed her duties and consistently met sales goas and other criteria established by Zillow, younger employees in the same position with less experience and less performance success than Ms. Young were given more favorable treatment.   Zillow managers allowed these younger employees to participate in Zillow's "sales call-ins" while denying Ms. Young the same opportunities.  When Ms. Young questioned or complained about the ongoing harassment and denial of similar terms and conditions of employment, Zillow managers would make unabashed comments concerning her age, as described above.

19.     Disturbingly, these types of communications from Zillow management were commonplace during Ms. Young's employment.  Ms. Young also witnessed Zillow managers treat other employees over the age of forty similarly.  Indeed, the Zillow office culture in Southern California has been described as an "adult frat house" where age discrimination and other forms of harassment are normalized, condoned, and promoted by Zillow's management.

**Ms. Young's Hospitalization and Termination**

20.     Zillow management had a policy of refusing employees' requests for legally-required meal and rest periods in violation of California Labor Codes section 226.7 and 512.  Ms. Young and other employees were regularly required to remain in the building during their meal and rest breaks and were required work at their desks during lunch.

21.     Zillow also had the unlawful policy of randomly designating specific hours of the day, which Zillow management would call "the wave" or "the blitz," in

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

which employees, including Ms. Young, were either not allowed to standup and/or were not allowed to sit down while the employee makes non-stop sales calls.  These designated periods would routinely last for approximately two to three hours.

22.     Since the inception of Ms. Young's employment, she was required to take part in these randomly designated "wave" or "blitz" periods in which she was not allowed to sit, stand, or take a break from making sales calls.  Ms. Young understood, as did other employees, that if they did not participate in the "wave" or "blitz" their employment with Zillow would be terminated.

23.     On or about July 7, 2014, Ms. Young was hospitalized in connection with an automobile accident which caused injuries to her neck, back, and shoulders.  Ms. Young informed her manager of her accident and hospitalization.

24.     Fearful that she would be terminated if she requested time off, since Ms. Young witnessed the termination of other employees who requested time off at Zillow, Ms. Young returned to work the following day.  Despite Ms. Young's consistent pain, she continued to work, successfully performed her duties, and consistently met her sales goals and other criteria established by Zillow.

25.     Following her car accident, Ms. Young would feel extreme pain in her back as a result of sitting or standing for the unreasonably long portions of time which Zillow required during the required "blitz" and "wave" call periods.  On several occasions, Ms. Young would request that she be allowed her legally mandated meal and rest breaks, and also required that she be allowed to stand up or sit down during the required "blitz" and "wave" call periods.

26.     On several occasion, Ms. Young would inform management of her condition and difficulty showing up to work at 6:30 a.m. or need to go to physical therapy on her lunch breaks.  Nonetheless, she was chastised and reprimanded on numerous occasions.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

27.    Zillow managers consistently and unapologetically denied her requests to take breaks, sit, or stand and inappropriately attributed her needs to be associated with her older age.

28.    After several months, Ms. Young's back pain became so severe that she became substantially limited in major life activities including sleeping, working, and spending quality time with her two young children.

29.    On Thursday, October 9, 2014 at 11:09 a.m., Ms. Young emailed Zillow's human resources representative, Tara Fournier, to discuss the following issues:

    a.    Her legal claim in connection to her auto accident on July 7, 2014;

    b.    The devastating effects the accident had taken on her physical condition;

    c.    Complaints concerning her repeated reprimands for taking prior approved time off work in connection with her physical injury;

    d.    Complaints concerning her repeated reprimands for being "late" to Zillow's unlawfully required 6:30 a.m. start time;

    e.    Her desire to continue working, despite her doctor's recommendations, so she could provide for her children for Christmas.

    f.    Complaints concerning her job stability;

    g.    Complaints concerning Zillow's encouragement to work overtime but Zillow's failure to notify its payroll system of overtime hours works; and

    h.    Request for reasonable accommodations in light of her physical limitations.

A true and correct copy of this email is attached hereto as Exhibit "A."

30.    On Thursday, October 9, 2014 at 1:59 p.m., Ms. Fournier acknowledged Ms. Young's email but made no comments regarding any of her concerns except that "[o]ur legal team will reach out to your counsel directly to discuss these matters."  A true and correct copy of this email is attached hereto as Exhibit "B."

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

31.     On Friday, October 10, 2014 at 8:42 a.m., Ms. Fournier acknowledged Ms. Young's email and her request to take a day off from work, but failed to address any of Ms. Young's concerns.  Ms. Fournier only requested "the contact information for your attorney so that Legal can reach out and we can address the questions."  A true and correct copy of this email is attached hereto as Exhibit "C."

32.     On Friday, October 10, 2014 at 12:08 p.m., Ms. Young discussed the condition of her back with Ms. Fournier and assured Ms. Fournier that "[t]he case with my lawyer is with the party who hit me in the auto accident – not Zillow."  A true and correct copy of this email is attached hereto as Exhibit "D."

33.     On Friday, October 10, 2014 at 2:30 p.m., Ms. Fournier again acknowledged Ms. Young's email, her request to take the day off from work, and informed Ms. Young that Zillow's "legal team will be contacting [Ms. Young's attorney] today to discuss this matter and the questions that [Ms. Young] had in the string below."  A true and correct copy of this email is attached hereto as Exhibit "E."

34.     On Friday, October 10, 2014 at 8:11 p.m., Ms. Young emailed Ms. Fournier to reiterate her previous concerns including:

a.     The effects of the accident on her physical condition;

b.     Zillow's failure to compensate her for overtime hours worked;

c.     Her success prior to and during her time at Zillow;

d.     The promises made by Zillow at the beginning of her employment concerning opportunities for advancement;

e.     Ms. Young's reliance on these promises and disappointment that others with less experience were advanced and Ms. Young was not due to receiving reprimands for prior approved time off;

f.     Requests for reasonable accommodations on account of her injuries; and

g.     Ms. Young's concerns of termination for voicing her opinion.

A true and correct copy of this email is attached hereto as Exhibit "F."

35.    Ms. Young received no response from Ms. Fournier regarding her concerns until Monday, October 13, 2014 at 8:11 a.m.   Ms. Young had sent a text message to her Manager, Kelsey Didier, on Saturday, October 11, 2014 at 8:21 p.m., concerning her need to check herself into Mission Hospital and that she would be out for potentially five to ten days on account of her treatment and tests.   A true and correct copy of this text message is attached hereto as Exhibit "G."

36.    In response to this text message, Ms. Fournier responded to Ms. Young on Monday, October 13, 2014 at 8:11 a.m., stating that she was aware that Ms. Young was in the hospital and that Ms. Young was eligible for short-term disability.   Ms. Fournier requested that Ms. Young send a note from her doctor concerning the length of time Ms. Young would need to take off from work.   A true and correct copy of this email is attached hereto as Exhibit "H."

37.    Although Ms. Young had her hospital records sent to Zillow and informed Zillow that she would be in the hospital, Ms. Fournier emailed Ms. Young on Thursday, October 16, 2014 to demand that Ms. Young send a letter from her doctor concerning the amount of time off needed, to submit her claim for short term disability, and that Ms. Fournier had been attempting to contact Ms. Young several times concerning these issues by calling Ms. Young's cell phone number at a completely incorrect (858) area code number.   A true and correct copy of this email is attached hereto as Exhibit "I."

38.    Ms. Young immediately responded that Ms. Fournier had been attempting to reach Ms. Young at an incorrect number and gave her the correct phone number.   A true and correct copy of this email is attached hereto as Exhibit "J."

39.    Ms. Fournier responded that day claiming she had also left messages on Ms. Young's correct phone address.   A true and correct copy of this email is attached hereto as Exhibit "K."

40.    Ms. Young responded that day with the following concerns:

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

a.   Ms. Young's attorney had already contacted Zillow informing them that she intended to return to work on Monday, October 20, 2014;

b.   That it was against her doctor's recommendation that she return to work on Monday, October 20, 2014 and her need to follow her doctors recommendations;

c.   That she had previously notified Zillow that she would be in the hospital without full capabilities to email and respond to Zillow's demands;

d.   That she had confirmed that on Monday, October 13, 2014, Mission Hospital had faxed Zillow the required records concerning Ms. Young's treatment; and

e.   Other sales representatives of Zillow had already contacted Ms. Young's customers to introduce themselves as their new sales representatives and that Ms. Fournier was merely attempting to trump up cause to terminate Ms. Young.

A true and correct copy of this email is attached hereto as Exhibit "L."

41.   On Friday, October 17, 2014 at 10:00 a.m., Ms. Young received a response from Zillow's human resources director, Jennifer Zumek, that Ms. Fournier was not available to respond to Ms. Young.  Ms. Zumek also stated as follows:

"I want to be sure you know that our #1 priority is that you are healthy. There is no plan for us to terminate your employment, rather we want to partner with you to ensure that you are healthy prior to returning to work."

Given that you have been in the hospital we'll want to partner closely with you and your physician to ensure that when you are ready to return that we have awareness of any accommodations you may have so please be sure to reach out to our Benefits Manager… to provide you with detailed information about our health benefits as well as our leave and disability benefits so that you are able to understand what your options are and take advantage of those that are most appropriate for you."

A true and correct copy of this email is attached hereto as Exhibit "M."

42.     Although Ms. Young had received no other emails or calls from anyone from Zillow concerning this matter, Ms. Zumek sent the following email on Friday, October 24, 2014:

> "After many attempts by our team to reach you and your physician by phone we have been unable to contact either of you to verify your medical leave status. Specifically, we cannot identify Dr. Tim Jalowiec at Mission Hospital in Laguna Beach, CA or any other location in CA.  I kindly request that you please email me a copy of your doctor's note releasing you from work for the period of time 10/9 through today 10/24.  While we understand you were hospitalized and seeking treatment for medical services, you have a responsibility to provide Zillow, your employer, with written documentation to verify you medical absence so that we can better support you.   Failure to provide this documentation is serious and it is important for you to provide this to us via fax … or email scan to me **no later than Monday, 10/27 at 9:00 am.   Failure to provide this documentation will result in us making the determination that you have abandoned your job and your employment will be terminated effective immediately**." (emphasis in original)

A true and correct copy of this email is attached hereto as Exhibit "N."

43.     On Saturday, October 25, 2014 at 12:49 p.m., Ms. Young responded to Ms. Zumek as follows:

> "I've left word with both my doctor and Tim at Mission Hospital.  I hope they can meet your deadline.  Tim does have a fax confirmation sending a medical letter on Hospital letterhead to Zillow HQ while I was in the hospital.
>
> My phone is working fine.  I have not missed calls or voice mails from Zillow and Tim said he has not been contacted.
>
> I've mentally prepared for the worst as many co-workers have already reached out to me.  Maybe I'm not a good fit for Zillow?  I've been a proven professional with a very successful track record and I really feel a very cold and impersonal shoulder from Zillow.  It seems as if you are out of production or ill for two weeks, you are quickly replaced without any further consideration.
>
> Further, this high turnover within the sales team is very unsettling to our agents who feel they can't depend on the same contacts.  Thus, causing high cancellations.
>
> If the hospital doesn't comply because it's a weekend and can't meet your deadline then I will assume I'm terminated."

A true and correct copy of this email is attached hereto as Exhibit "O."

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

44.   On Monday, October 27, 2014 at 9:04 a.m., Ms. Zumek emailed Ms. Young informing her of her termination "due to job abandonment."   A true and correct copy of this email is attached hereto as Exhibit "P."

## FIRST CAUSE OF ACTION

### AGE HARASSMENT

### *Government Code* § 12940(j)(1)

### *(By Plaintiff Jennifer Young Against All Defendants)*

45.   Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

46.   Government Code section 12940(j)(1) states in pertinent part:

It is an unlawful employment practice for an employer, labor organization, or any other person, because of race, religious creed, color, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, or a person providing services pursuant to a contract.  Harassment of an employee shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.

47.   Plaintiff was subjected to the above-described unwanted harassing conduct because of her age in violation of Government Code section 12940(j).

48.   The harassing conduct as described herein was severe and/or pervasive.

49.   A reasonable person of Plaintiff's age would have considered the work environment hostile or abusive.

50.   Plaintiff considered the work environment to be hostile or abusive.

51.   The harassing acts and/or omissions were perpetrated by Plaintiff's supervisors, who participated in, assisted, and/or encouraged the harassing conduct as described herein.

52.   Defendant Zillow's managers, employees, and agents engaged in harassing and discriminatory conduct with the intent to cause economic and emotional

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

distress to Plaintiff.  As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiff by denying her participation in sales "call-ins" or other employment opportunities and by creating a hostile work environment by making blatant derogatory comments concerning her age.

53.    As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

54.    In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

55.    Plaintiff is entitled to an award of attorneys' fees against Defendants pursuant to Government Code section 12965.

## SECOND CAUSE OF ACTION

### AGE DISCRIMINATION

### *Government Code § 12940(a)*

### *(By Plaintiff Jennifer Young Against All Defendants)*

56.    Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

57.     Government Code section 12940(a) states in pertinent part:

It is an unlawful employment practice for an employer, because of the race, religious creed, color, age, sexual orientation, or military and veteran status of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

58.     Defendant Zillow intentionally created or knowingly permitted the above-described working conditions to exist.

59.     Plaintiff was subjected to the above-described discrimination in the terms, conditions, or privileges of employment in violation of Government Code sections 12940(a).

60.     Plaintiff was over the age of 40 at the time she was subjected to the above-described discrimination and discharged from her employment at Defendant Zillow.

61.     Plaintiff's age was a motivating factor for the discrimination against Plaintiff in the terms, conditions, or privileges of employment.

62.     Plaintiff's age was a motivating factor for the discharge of Plaintiff.

63.     Defendant Zillow terminated Plaintiff in breach of public policy.  The underlying public policy being those articulated in the California Fair Employment and Housing Act, Government Code section 12900, *et seq*.

64.     Defendant Zillow's managers, employees, and agents engaged in harassing and discriminatory conduct with the intent to cause economic and emotional distress to Plaintiff.  As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiff by denying her participation in sales "call-ins" or other employment opportunities and by creating a hostile work environment by making blatant derogatory comments concerning her age.

65.     As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

66.     In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

67.     Plaintiff is entitled to an award of attorneys' fees against Defendants pursuant to Government Code section 12965.

## THIRD CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### *Government Code § 12940(a)*

### *(By Plaintiff Jennifer Young Against All Defendants)*

68.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

69.     Government Code section 12940(a) states in pertinent part:

It is an unlawful employment practice for an employer, because of the race, religious creed, color, age, sexual orientation, or military and veteran status of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

70.     Defendant Zillow intentionally created or knowingly permitted the above-described working conditions to exist.

71.   Plaintiff was subjected to the above-described discrimination in the terms, conditions, or privileges of employment in violation of Government Code sections 12940(a).

72.   Plaintiff's disability was a motivating factor for the discrimination against Plaintiff in the terms, conditions, or privileges of employment.

73.   Plaintiff's disability was a motivating factor for the discharge of Plaintiff.

74.   Defendant Zillow terminated Plaintiff in breach of public policy.   The underlying public policy being those articulated in the California Fair Employment and Housing Act, Government Code section 12900, *et seq.*

75.   Defendant Zillow's managers, employees, and agents engaged in harassing and discriminatory conduct with the intent to cause economic and emotional distress to Plaintiff.   As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiff by denying her participation in sales "call-ins" or other employment opportunities and by creating a hostile work environment by making blatant derogatory comments concerning her age.

76.   As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

77.   In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

78.    Plaintiff is entitled to an award of attorneys' fees against Defendants pursuant to Government Code section 12965.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### *(By Plaintiff Jennifer Young Against All Defendants)*

79.    Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

80.    Defendants' conduct, as described above, was extreme and outrageous and beyond the bounds of decency tolerated in a civilized society.

81.    Defendants' conduct was intended to cause Plaintiff emotional distress and Defendants acted with a reckless disregard to the probability that Plaintiff would suffer emotional distress.

82.    Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

83.    Plaintiff suffered severe emotional distress.

84.    Defendants were a substantial factor in causing Plaintiff's severe emotional distress.

85.    As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

86.     In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## FIFTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Jennifer Young Against All Defendants)

87.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

88.     Defendants owed a duty to use reasonable care in their conduct with regard to the health, safety, and rights of Plaintiff.  It was foreseeable and probable that Plaintiff would suffer severe emotional distress from Defendants' conduct.

89.     Defendants were negligent by breaching the duty of care they owed to Plaintiff when Defendant Zillow and its agents, employees, and representatives repeatedly abused, harassed, and insulted Plaintiff, and Defendant Zillow was aware of such conduct by its agents, employees, and representatives and allowed it to continue.

90.     Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

91.     Plaintiff suffered severe emotional distress.

92.     Defendants were a substantial factor in causing Plaintiff's severe emotional distress.

93.     As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

94.     In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## SIXTH CAUSE OF ACTION

### NEGLIGENT RETENTION AND SUPERVISION

#### (By Plaintiff Jennifer Young Against All Defendants)

95.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

96.     Defendant Zillow has a duty to retain employees who are fit and competent, to supervise their employees, and to implement measures to protect third persons from the predictable and foreseeable risks posed by their employees.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

97.     Defendant Zillow knew, or in the exercise of reasonable diligence, should have known, that Plaintiff's superiors and colleagues were incompetent and unfit to perform the duties for which they were employed, and that undue risks to persons such as Plaintiff would result by way of their inappropriate conduct.  The conduct of Plaintiff's supervisors occurred in their capacity as employees of Defendant Zillow, and was done for the benefit of Defendant Zillow.

98.     Defendant Zillow was negligent by breaching the duty of care by retaining and failing to supervise Plaintiff's supervisors and colleagues, who had known propensities for unlawful behavior including abuse, harassment, and misconduct towards older employees with whom they worked.  The conduct towards Plaintiff was foreseeable based on the reputation that the Southern California Zillow office was known as an "adult frat house" and based on Defendant Zillow's employees' treatment towards older employees.  Defendant Zillow had knowledge of such conduct.  Defendant Zillow breached its duty of care by failing to implement measures to protect third persons from foreseeable risks, unreasonable risks of harm, and the recurrence of employee behavior of which it had prior notice.  Instead, Defendant Zillow failed to terminate the above mentioned employees or take any disciplinary action against them, but retained them and allowed them to continue victimizing Plaintiff so that it may continue to reap the financial rewards of their conduct.

99.     Defendant Zillow's failure to train, supervise, and terminate the above mentioned employees was the direct and proximate cause of Plaintiff's injuries.  Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial.  Plaintiff has been damaged physically, emotionally, and financially, including, but not limited to suffering from pain, anxiety, depression, emotional distress, ridicule, as well as loss of health, income, employment, and career benefits.

**SEVENTH CAUSE OF ACTION**

**RETALIATION**

***(By Plaintiff Jennifer Young Against All Defendants)***

100.   Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

101.   Plaintiff opposed the age harassment, discrimination, and other offensive conduct as described herein by reporting the conduct, and demanding that it be stopped.

102.   Defendant Zillow failed to address Plaintiff's complaint.

103.   The acts and/or omissions of Defendant Zillow materially and adversely affected the terms and conditions of Plaintiff's employment.

104.   That Plaintiff opposed the age harassment, discrimination, and other offensive conduct as described herein and reporting it was a motivating reason for her termination in violation of Government Code Section 12940(h) and for continued harassment.

105.   Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

106.   The acts and/or omissions of Defendant Zillow caused Plaintiff to suffer harm and economic damages for loss of past and future earnings and employee benefits, loss of earning capacity, loss of such employment related opportunities as the opportunity for advancement and promotion within Defendant Zillow, in amounts according to proof at trial.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

107.   In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant Zillow and deter others from engaging in similar conduct.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION

#### *(By Plaintiff Jennifer Young Against All Defendants)*

108.   Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

109.   Plaintiff was required to endure age harassment, discrimination, and other offensive conduct described herein during her employment with Defendant Zillow.

110.   Defendant Zillow terminated Plaintiff's employment on or around October 27, 2014.

111.   Plaintiff's age and opposition to the age harassment, discrimination, and other offensive conduct described herein were motivating reasons for her termination.

112.   Defendant Zillow was aware, or should have been aware, of the likelihood that Plaintiff would suffer severe emotional distress as a result of the above-described outrageous conduct.   The outrageous and shocking conduct of Defendant Zillow and its employees was done intentionally and for the purpose of inflicting extreme and severe emotional distress upon Plaintiff.

113.   Defendant Zillow knowingly created and intentionally permitted these intolerable working conditions and failed to take appropriate remedial steps to protect Plaintiff from discrimination, retaliation, and harassment.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

114. Plaintiff was harmed and the requirement that she endure age harassment, discrimination, and other offensive conduct as described herein during the course of her employment was a substantial factor in causing Plaintiff's harm.

115. Plaintiff's termination from her employment was rooted in violation of public policy embodied in California's Fair Employment and Housing Act, Government Code section 12900, *et seq.*

116. As a direct and proximate result of Defendant Zillow's extreme and outrageous conduct, Plaintiff suffered and continues to suffer damages, including lost earnings and benefits, stress, anxiety, humiliation, embarrassment, discomfort, mental anguish, and severe emotional distress in addition to other consequential damages.

117. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant Zillow and deter others from engaging in similar conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jennifer Young respectfully requests for judgment to be entered upon Defendant Zillow, Inc., as follows:

1.      For general and special damages for an amount to be determined at trial;

2.      For pre- and post-judgment interest according to proof;

3.      For Punitive Damages where applicable;

4.      For Attorney Fees where applicable;

3.      For costs of suit incurred herein; and

4.      For all other relief as this court may deem proper.

DATED:  December 4, 2014                    GERAGOS & GERAGOS, APC
                                            SAMINI SCHEINBERG, PC


                                    By:    /s/ MARK J. GERAGOS
                                            MARK J. GERAGOS
                                            BEN J. MEISELAS
                                            GREG L. KIRAKOSIAN
                                            TYLER M. ROSS
                                            BOBBY SAMINI
                                            NICOLE PRADO
                                            MATTHEW M. HOESLY
                                            Attorneys for Plaintiff
                                            JENNIFER YOUNG

1

## **DEMAND FOR JURY TRIAL**

2

   Plaintiff Jennifer Young hereby demands a jury trial.

3

4

DATED:  December 4, 2014                     GERAGOS & GERAGOS, APC

5
                                               SAMINI SCHEINBERG, PC

6

7

                                   By:   /s/ MARK J. GERAGOS

8
                                               MARK J. GERAGOS

9
                                               BEN J. MEISELAS

10
                                               GREG L. KIRAKOSIAN

11
                                               TYLER M. ROSS

12
                                               BOBBY SAMINI

13
                                               NICOLE PRADO

                                             MATTHEW M. HOESLY

                                           Attorneys for Plaintiff

                                           JENNIFER YOUNG

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411