UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 14-1922-DOC (DFMx)  Date: February 17, 2015

Title: JENNIFER YOUNG V. ZILLOW, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [17]

Before the Court is Defendant's Motion to Dismiss ("Mot." or "Motion") (Dkt. 17). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the papers, the Court GRANTS IN PART and DENIES IN PART the Motion.

**I.  Background**

**A.  Facts**

This case arises from Plaintiff Jennifer Young's allegations that her employer Defendant Zillow, Inc. ("Zillow") subjected her to age- and disability-based discrimination and retaliation at the workplace. *See generally* Compl.

Plaintiff, who is 41 years old, began her employment at Zillow in 2014. *Id.* ¶ 2. She discovered that Zillow had a "frat house" and "boys club culture" where Zillow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1922-DOC (DFMx)                                                Date: February 17, 2015
                                                                                                                                 Page 2

managers rewarded employees who engaged in binge drinking and lewd discourse with lucrative assignments. *Id.* ¶ 3. Her managers told her and others that they would not advance in their careers if they did not "drink the Zillow kool-aid." *Id.* ¶ 4. Because Plaintiff did not participate in such conduct, her sales manager would make comments to her such as, "are you too old to close?" and "Try to keep up with us." *Id.* Her managers also made comments such as "younger people are faster" and "do you even know how to work a computer?" *Id.* ¶ 16. Zillow's managers and employees allegedly deprived Plaintiff the opportunity to participate in Zillow's sales call-ins while allowing younger employees to participate despite the fact that Plaintiff successfully performed her duties and met Zillow's sales goals and other criteria. *Id.* ¶ 18. She would be met with comments such as those described above when she questioned or complained about the ongoing harassment and denial of opportunities. *Id.* Plaintiff allegedly saw Zillow managers treat other employees over age forty similarly to how they treated her. *Id.* ¶ 19.

Zillow had a policy of randomly designating specific hours of the day "the wave" or "the blitz." During those two- to three-hour periods, employees were either not allowed to stand up or were not allowed to sit down while they made non-stop sales calls without breaks. *Id.* ¶ 21. Plaintiff was required to participate in these "wave" or "blitz" periods from the beginning of her employment. *Id.* ¶ 22.

In July 2014, Plaintiff was hospitalized after her neck, back, and shoulders were injured in a car accident. She informed her manager of her accident and hospitalization, but because she was afraid of being terminated if she requested time off (having witnessed other employees terminated after requesting time off), she returned to work the next day. Despite consistent pain from her injuries, she continued to successfully perform her duties and meet her sales goals. *Id.* ¶¶ 23-24.

After her car accident, she experienced extreme back pain as a result of sitting or standing for a long time during the "wave" or "blitz" call periods. On several occasions, she requested that she be allowed to take meal or rest breaks and to stand up or sit down during the "wave" or "blitz" call periods. *Id.* ¶ 25. On several occasions, she also informed management of her condition and difficulty showing up to work at 6:30 a.m. She also informed them of her need to go to physical therapy on her lunch breaks. Nevertheless, her managers chastised and reprimanded her on numerous occasions and refused to allow her to take breaks, sit, or stand, and inappropriately attributed her needs to her older age. *Id.* ¶¶ 26-27. After several months, her back pain became so severe that she had problems sleeping, working, and spending quality time with her two young children. *Id.* ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1922-DOC (DFMx)                                                   Date: February 17, 2015
                                                                                                                                     Page 3

      On Thursday, October 9, 2014, Plaintiff emailed Zillow's human resources (HR) representative Tara Fournier to discuss the reprimands she had received and potential accommodations in light of her physical accommodations. Plaintiff cc'd her attorney Kathleen Wallace on the email and stated in her email, "My lawyer is overseeing the medical and would also like any kind of attendance record, including my written warning as we feel this would never of [sic] occurred without my injury." *Id.* ¶ 29; Ex. A.

      Ms. Fournier responded that same day and again the next day, Friday, October 10, to say that she was forwarding the email to Zillow's legal department. Ms. Fournier asked for the attorney's contact information so that Zillow's legal team could communicate directly with Plaintiff's attorney. *Id.* ¶¶ 30-31, Exs. B-C. Plaintiff clarified that the attorney was representing her on her case against the party that hit her car, not against Zillow. However, Ms. Fournier responded that, since Plaintiff was represented by counsel, Zillow's legal team would contact Plaintiff's attorney about her request for her attendance record and the other questions she raised in her initial email. *Id.* ¶¶ 32-33, Exs. D-E. In the evening of October 10, Plaintiff emailed Ms. Fournier again, raising concerns about the promises of opportunities for advancement Zillow had made when she was recruited and her disappointment that others with less work experience had been selected for opportunities while she had not. *Id.* ¶ 34, Ex. F.

      On Saturday, October 11, Plaintiff texted her manager Kelsey Didier to let her know that she was checking in to Mission Hospital in Laguna Beach and that she would be out for 5-10 days. *Id.* ¶ 35, Ex. G.

      On Monday, October 13, having learned that Plaintiff was in the hospital, Ms. Fournier emailed Plaintiff to inform her that she would be eligible for short-term disability. Ms. Fournier told Plaintiff that her she needed to send documentation from her doctor stating the length of time that she was expected to be out and what accommodations she would need upon returning to work. *Id.* ¶ 36, Ex. H.

      On Thursday, October 16, Ms. Fournier again emailed Plaintiff to ask her for documentation. Ms. Fournier stated that she had tried multiple times over the last few days to reach Plaintiff at an (858) area code number. When Plaintiff replied that her correct phone number was a (949) area code number, Ms. Fournier stated that she had left a message at that number too. In a later email to Ms. Fournier that day, Plaintiff stated that she was planning to return to work on Monday even though it was against her doctor's recommendation. She explained that she had notified her manager that she had not been able to access her phone or email except for a few minutes while in the hospital and the hospital had faxed a note to Zillow HR stating that Plaintiff had been receiving

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1922-DOC (DFMx)                                                                 Date: February 17, 2015
                                                                                                                                      Page 4

medical treatment on Monday. She further explained that she had not been able to print documents or to get the documentation Ms. Fournier requested while she was receiving medical treatment. *Id.* ¶¶ 37-40, Exs. I-L. Plaintiff accused Zillow of wanting to terminate her. *Id.* Ex. L.

      On Friday, October 17, Zillow's HR director Jennifer Zumek responded to Plaintiff, stating that there was no plan to terminate her and that Zillow wanted to partner closely with Plaintiff and her physician to ensure that she received the benefits and accommodations she needed. *Id.* ¶ 41, Ex. M.

      On Friday, October 24, Ms. Zumek emailed Plaintiff:

      After many attempts by our team to reach you and your physician by phone we have been unable to contact either of you to verify your medical leave status. Specifically, we cannot identify Dr. Tim Jalowiec at Mission Hospital in Laguna Beach, CA or any other location in CA. I kindly request that you please email me a copy of your doctor's note releasing you from work for the period of time 10/9 through today 10/24. While we understand you were hospitalized and seeking treatment for medical services, you have a responsibility to provide Zillow, your employer, with written documentation to verify you medical absence so that we can better support you. Failure to provide this documentation is serious and it is important for you to provide this to us via fax … or email scan to me **no later than Monday, 10/27 at 9:00 am. Failure to provide this documentation will result in us making the determination that you have abandoned your job and your employment will be terminated effective immediately.**

*Id.* ¶ 42, Ex. N.

      The following day, on Saturday, October 25, Plaintiff responded:

      I've left word with both my doctor and Tim at Mission Hospital.

      I hope they can meet your deadline.

      Tim does have a fax confirmation sending a medical letter on Hospital letterhead to Zillow HQ while I was in the hospital.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1922-DOC (DFMx)                                                   Date: February 17, 2015
                                                                                                                                                   Page 5

> My phone is working fine. I have not missed calls or voice mails from Zillow and Tim said he has not been contacted.
>
> I've mentally prepared for the worst as many co-workers have already reached out to me.
>
> Maybe I'm not a good fit for Zillow?
>
> I've been a proven professional with a very successful track record and I really feel a very cold and impersonal shoulder from Zillow.
>
> It seems as if you are out of production or ill for two weeks, you are quickly replaced without any further consideration.
>
> Further, this high turnover within the sales team is very unsettling to our agents who feel they can't depend on the same contacts. Thus, causing high cancellations.
>
> . . . .
>
> If the hospital doesn't comply because it's a weekend and can't meet your deadline then I will assume I'm terminated.

*Id.* ¶ 43, Ex. O. A couple more emails were exchanged that day in which Ms. Zumek claimed they had tried to leave Plaintiff voice messages and Plaintiff claimed that neither she nor Tim (a hospital intake employee) had not heard from Zillow. Plaintiff stated that she would provide the requested documentation right away. *Id.* Ex. O.

     On Monday, October 27, Ms. Zumek emailed Plaintiff informing her of her termination "due to job abandonment." *Id.* ¶ 44, Ex. P.

### B.    Procedural History

     Plaintiff filed this lawsuit on December 4, 2014, alleging (1) age harassment; (2) age discrimination; (3) disability discrimination; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) negligent retention and supervision; (7) retaliation; and (8) wrongful termination in violation of public policy.

     Defendant filed the instant Motion on January 16, 2015 (Dkt. 17).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1922-DOC (DFMx)                                                     Date: February 17, 2015
                                                                                                                           Page 6

## II.      Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009); *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO*, 765 F.3d at 1004 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1922-DOC (DFMx)            Date: February 17, 2015
           Page 7

### III. Discussion

#### A. Age or Opposition to Alleged Harassment or Discrimination as a Substantial Motivating Reason

Defendant argues that Plaintiff has pled herself out of court because the allegations on the face of the complaint show that neither her age nor her opposition to alleged harassment or discrimination were substantial motivating reasons for her termination. In order to allege a discrimination and retaliation claim under California's Fair Employment and Housing Act or a wrongful termination claims based on discrimination or retaliation, a plaintiff must allege that her employer's actions were "substantially motivated" by discriminatory animus. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013); *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014). Animus does not have to be the only reason, but it must be more than a remote or trivial reason. CACI No. 2507. Thus, if Defendant is correct, then Plaintiff's age discrimination, retaliation, and wrongful termination claims would fail as a matter of law.

Defendant first takes issue with the fact that Plaintiff pled in the Complaint that her termination was "motivated" by her age and opposition to discrimination and harassment rather than pleading that it was "substantially motivated." The Court agrees with Plaintiff that, under Federal Rule of Civil Procedure 8, Plaintiff is not required to specially plead the legal elements of her claims. 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219 (3d ed., updated Sept. 2014). Rather, the focus should be on the facts alleged by Plaintiff and whether they plausibly allege that her termination was "substantially motivated" by her age and opposition to discrimination and harassment.

Defendant argues that Plaintiff cannot reasonably allege substantial motivation because the emails attached as exhibits to the Complaint show that Defendant terminated Plaintiff because she failed to provide a doctor's note despite repeated requests from HR, not because of her age or her complaints about discrimination or retaliation. Although a jury could read the emails in Defendant's favor, other allegations in the Complaint and statements in the emails could plausibly support a finding for Plaintiff. During her employment, Zillow employees made ageist comments to Plaintiff. After her car accident in July 2014, Plaintiff asked for accommodations as she was having difficulty handling the work schedule and the physical demands of the "wave" or "blitz" call periods. Her managers denied her requests and attributed her perceived inability to keep up to her age. The emails with HR show confusion about whether Plaintiff received the calls that the HR personnel supposedly made and whether Zillow received documentation that Plaintiff supposedly sent. Determinations of what really occurred and whether Zillow's actions

ultimately were "substantially motivated" by animus or not are better made after a factual record has been developed and presented.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's discrimination, retaliation, and wrongful termination claims.

### B. Intentional and Negligent Infliction of Emotional Distress

Defendant argues that Plaintiff has not adequately alleged outrageous conduct or emotional distress, elements of both intentional and negligent infliction of emotional distress.

A defendant's conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1001 (1993) (internal quotations omitted). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (internal quotation marks omitted) (alteration in original) (holding that "discomfort, worry, anxiety, upset stomach, concern, and agitation" did not constitute severe emotional distress).

An employer's discriminatory acts can constitute outrageous conduct. *Washington v. California City Correction Ctr.*, 871 F. Supp. 2d 1010, 1032 (E.D. Cal. 2012) (citing *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 618 (1989)); *Rojo v. Kliger*, 52 Cal. 3d 65, 81 (1990) ("[E]mployer's discriminatory actions may [also] constitute . . . outrageous conduct under a theory of intentional infliction of emotional distress."). Since no jury or court has yet reached the merits of Plaintiff's harassment, discrimination, or retaliation claims, the Court is not inclined to dismiss Plaintiff's infliction of emotional distress claims at the pleadings stage on the ground that there was no outrageous conduct. However, throughout the complaint, Plaintiff alleges that she "suffered emotional distress" (sometimes phrased as "severe emotional distress" or "emotional distress and ridicule"). These allegations are a mere restatement of an element of the IIED and NIED claims. Because the *Iqbal*/*Twombly* standard require more than conclusory allegations, the Court DISMISSES Plaintiff's IIED and NIED claims with leave to amend.

### IV. Disposition

For the reasons above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss as follows:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1922-DOC (DFMx)                                                                 Date: February 17, 2015
                                                                                                                                              Page 9

(1) Defendant's Motion is DENIED as to Plaintiff's discrimination, retaliation, and wrongful termination claims;

(2) Plaintiff's intentional and negligent infliction of emotional distress claims are DISMISSED WITH LEAVE TO AMEND; and

(3) Plaintiff shall file an amended complaint, if any, on or before **March 6, 2015**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                      Initials of Deputy Clerk: djg
CIVIL-GEN